## Oak Lane Country Day School v. Fidelity-Phenix Fire Ins. Co.

*Practice, C. P.—Pleadings—Statement of claim—Affidavit of defence—Plaintiff's reply—Acts of May 14, 1915, and March 30, 1925—New matter.*

1. Under the Act of May 14, 1915, P. L. 483, as amended by the Act of March 30, 1925, P. L. 84, unless either a set-off or counter-claim or new matter is pleaded by the defendant, the pleadings properly consist of only the statement of claim and the affidavit of defence and, with the filing of the latter, the pleadings are closed and the case is at issue and the subsequent filing of another pleading is totally at variance with the provisions of the acts.

2. It was not the purpose of the Act of March 30, 1925, P. L. 84, in using the words "new matter," to require the plaintiff to file a reply in every case in which new matter is pleaded in the affidavit of defence.

3. On the contrary, the legislature left unchanged the rule of practice that there is no occasion for the plaintiff to file a reply unless the defendant in his affidavit of defence has pleaded a set-off or counter-claim.

4. If plaintiff files a reply in a case in which no set-off or counter-claim has been set up, his reply will be stricken from the record.

5. All that the legislature intended in using the words "new matter" in the Act of 1925 was that the defendant, after fully answering the allegations of the statement of claim, might, if he wished, aver such additional facts—provided, of course, they should bear some direct relation to the cause of action contained in the statement—as he should believe would entitle him to affirmative relief against the plaintiff, and such additional facts also as should render invalid any defence on the part of the plaintiff which the defendant anticipated would be made to the affirmative relief sought by him.

Rule to strike from the record the reply of the plaintiff. C. P. Montgomery Co., Feb. T., 1925, No. 26.

*Frank X. Renninger*, for plaintiff.

*Larzelere, Wright & Larzelere*, for defendant.

WILLIAMS, J., Feb. 1, 1926.—Counsel for the Oak Lane Country Day School, the plaintiff, a corporation existing under and by virtue of the laws of this state, on the 14th day of last February, filed, in the office of the prothonotary, a "Præcipe for summons assumpsit" and, on the 27th day of the next June, filed, also, a statement of claim in which it was set forth that the action had been brought to recover from the Fidelity-Phenix Fire Insurance Company of New York, the defendant, a foreign corporation, the sum of $2091.45, together with legal interest thereon from the 23rd day of June, 1924.

Nearly a month later, the insurance company, by its attorney, filed an affidavit of defence admitting that, on Aug. 27, 1923, the defendant, in Pennsylvania, had made, signed, executed and delivered to the plaintiff a policy of insurance wherein the defendant insured the plaintiff against direct loss or damage by fire, to an amount not exceeding the sum of $2500, to furniture and fixtures of every description, etc., while contained in, or attached to, the brick, stone and frame school building and adjoining and communicating additions occupied for educational and incidental purposes; that, on the 24th day of February, 1924, a fire had occurred at, in, or about, the premises described in the

policy of insurance sued upon and that the gymnasium building and its contents had been burned, damaged, or destroyed, by fire; that the plaintiff had given to the defendant immediate notice of the loss; that, on April 24, 1924, the plaintiff had rendered to the defendant and the defendant had received a paper purporting to be a proof of the loss by the plaintiff; and that the defendant, although frequently requested so to do, had not paid the plaintiff all or any part of the said sum of money alleged to be due, or repaid, or reimbursed, the plaintiff for all, or any part, of the loss sustained.

On the other hand, the defendant, in the affidavit, denied, as claimed by the plaintiff, that any of the property described in the sued-upon policy of insurance had been burned, damaged or destroyed; that, on April 24, 1924, the plaintiff had rendered to the defendant a proof of loss drawn in accordance and complying with the terms of the policy; that the amount of loss suffered by the plaintiff on account of damage to the contents of the gymnasium had been $7356.08; that the whole insurance covering the property described in the policy of insurance had amounted to $8500; that, in consequence of the premises, the defendant had become obligated to pay the plaintiff the said sum of $2091.45; that the plaintiff had done and performed all things to be done and performed by it under and in compliance with the terms, articles, conditions and stipulations of the policy; and that the plaintiff had any claim to recover from the defendant in said amount of $2091.45, with interest, or in any other sum whatsoever.

In connection with the above admissions and denials the defendant averred that the gymnasium and contents had not been insured by the defendant; that the paper purporting to be a proof of loss rendered by the plaintiff to the defendant had been for a loss to the frame gymnasium building and its contents not insured by the defendant; and that the amounts mentioned in the said paper as to sound value and loss had not been correctly stated but that the loss claimed had been excessive and that the occupancy had not been truly stated; that it appeared from the face and description of the various policies set out in the exhibits attached to and made a part of the statement of claim that the policy of the defendant had not insured the frame gymnasium building and contents and that the only policy covering and insuring the contents of the frame gymnasium had been Policy No. 214,150 of the Westchester Fire Insurance Company in the amount of $1500 and that the other companies and policies mentioned and referred to in the statement had covered and insured the contents of the brick, stone and frame building occupied for educational and incidental purposes and had neither covered nor been intended to cover the frame gymnasium building; and that, therefore, under the terms and conditions of the policy in suit, the defendant was under no obligation whatever to pay for any of the loss, or damage, by fire.

In further defence, it was averred, also, in the affidavit that the plaintiff had maintained a day school for children on premises situate at the northeast corner of Oak Lane Avenue and New Second Street, in the township of Cheltenham, this county; that, on the ground, there had been two structures, first, a large brick, stone and frame stucco school building occupied for educational purposes and, secondly, a smaller building, except for the foundations entirely of frame, standing "about one hundred and fifty feet or more" away from the larger structure and used for the training of the hands, the physical development of the whole body and the storage of a pair of motor-cars; that, on or about Feb. 24, 1924, the smaller building and its contents had been damaged, or destroyed, by fire; that the total insurance on the contents of the frame gymnasium had been $1500, held by the Westchester Fire Insurance

Company; and that the policy of insurance of the defendant sued upon had not covered and insured the frame gymnasium, or contents, damaged, or destroyed, by reason of the aforementioned fire.

The Practice Act, 1915 (Act of May 14), P. L. 483-7, General Provisions, P. L. 487, section 21, says that the court, upon motion, may strike from the record a pleading which does not conform to the provisions of that act but the plaintiff, on Aug. 22nd, having filed a reply, counsel for the defendant, on Sept. 8th, instead of moving to have stricken from the record the alleged nonconforming pleading, filed, in open court, the petition of the defendant praying, through its counsel, that a rule be granted "by" the plaintiff to show cause why the reply of the plaintiff should not be stricken from the record. A rule having been granted as prayed by the court, on Sept. 9th counsel for the plaintiff accepted service of the granting of the rule and acknowledged receipt of a copy "thereof" but at no time since has an answer been filed by the plaintiff. The rule coming before the court, then, in default of answer by the plaintiff, there must be accepted as verity all the statements of fact contained in the signed and affirmed to petition representing, among other things, that "the above suit is for the recovery of damages alleged to have been caused to the plaintiff as the result of a certain fire" and that "all of the material allegations are contained in the" "statement of claim;" that, "in due course," the defendant filed an affidavit of defence "denying liability and setting forth the reasons why the defendant contended that under the policies as set forth in" the statement of claim "there was no liability;" that, thereupon, the plaintiff filed "his" reply containing certain evidence and inferences upon which, at the trial of the case, "it" would rely; and that, unless the reply be stricken from the record, the defendant will be "required" to file a supplemental affidavit of defence to the matters alleged "therein" and that, if the filing of "such reply" should constitute "good pleading," "the plaintiff, again, would have an opportunity to file a reply to the supplemental affidavit of defence and so on, *ad infinitum.*"

Having satisfied ourselves by a perusal of the "material allegations" contained in the statement to which the petition refers us that the plaintiff does not really charge the defendant with incendiarism, as, perhaps, suggested by the petition, we pause to observe that the seeking of the instant rule may be akin to the heaving of rocks by the occupant of a glass house, for, while the Practice Act, *supra*, explicitly declares (The Pleadings Generally, P. L. 483-4, section 5) that every pleading shall contain and contain only a statement, in a concise and summary form, of the "facts" on which the party pleading relies for his claim, or defence, as the case may be, and (Affidavit of Defence, P. L. 485, section 12) that the affidavit of defence shall be as brief as the nature of the case will admit and shall be sworn to by the defendant, or some person having knowledge of the "facts," counsel for the defendant has made a part of the record his own statement—under affirmation and, therefore, to be assumed accurate—that the affidavit of defence contained not only a denial of liability but also "the reasons why" the defendant "contended" there was an absence of liability.

The Practice Act, 1915 (The Pleadings Generally, *supra*, section 2, P. L. 483), as amended by the Act of March 30, 1925, P. L. 84-5, section 1, provides that the pleadings shall consist of the plaintiff's statement of claim, the defendant's affidavit of defence and, where a set-off, or counter-claim, or new matter, is pleaded, the plaintiff's reply thereto, and that when the affidavit of defence, or, where a set-off, or counter-claim, or new matter, is pleaded, the plaintiff's reply thereto, is filed, the pleadings shall be closed, the case shall be deemed

38          DISTRICT AND COUNTY REPORTS.    [8 D. & C.]

Oak Lane Country Day School *v.* Fidelity-Phenix Fire Ins. Co.

to be at issue and no replication, or formal joinder of issue, shall be required. In other words, unless either a set-off, or a counter-claim, or new matter, is pleaded by the defendant, the pleadings properly consist of only the statement of claim and the affidavit of defence and, with the filing of the latter, the pleadings are closed and the case is at issue and the subsequent filing of another pleading is totally at variance with the provisions of the act. Since, in the case at bar, not even by the wildest stretch of imagination could it be thought that the defendant has pleaded a set-off or counter-claim, there is presented for decision, therefore, but the single question, Has the defendant pleaded new matter?

In approaching the sole inquiry under discussion it may do no harm to note that, prior to the amendment of March 30, 1925, *supra,* the words "new matter" nowhere appeared in the Practice Act, 1915, *supra.* On the 30th day of May, 1924, however, the Rules of Equity Practice in the Courts of Pennsylvania, as adopted by the Supreme Court on May 27, 1865, and thereafter thrice revised, to wit, on Jan. 15, 1894, Oct. 5, 1900, and July 6, 1915, were again amended for the announced purpose of making the practice and procedure in equity conform as nearly as might be to the requirements of the legislature in regard to practice and procedure at law and by formal decree the court of last resort ordered that, on and after the 1st day of January, 1925, the Rules of Equity Practice in all the courts of equity in the Commonwealth of Pennsylvania should be as set forth in the order.

As thus revised and amended, Rule 15 says that replications, except where *new matter* has been averred in the answer, shall not be filed in equity. Under this one rule there is now embraced the gist of all the old rules with their amendments as from time to time adopted. The practice under the new rule, however, goes much farther than the prior practice in Pennsylvania, for, to-day, replications, except as allowed in Rule 52, are no longer permissible, the determining factor being the answer.

According to Rule 52, the defendant, after fully answering the allegations of the bill, may aver such additional facts, having a direct relation to any of the causes of action set forth in the bill, as he believes will entitle him to affirmative relief against the plaintiff and such additional facts as may tend to invalidate an anticipated defence on the part of the plaintiff; either with or without setting forth additional facts, may pray such relief as he shall deem himself entitled to under the pleadings; and to the additional facts, if any, may require the plaintiff to reply within fifteen days after service of the answer, under penalty of having an order, as of course, entered by the defendant that they be taken as admitted, with like exceptions as in the case of an answer to the bill. Rule 52, therefore, recognized the right to interpose new matter in the nature of a counter-claim in equity—thus doing away with the necessity for a cross-bill, now as obsolete as a replication—and, by such recognition of the growing tendency to allow, within narrow limits, counter-claims, placed the pleadings in equity on a parity with the pleadings at law as prescribed by the Practice Act, *supra.*

A careful examination of the amending Act of March 30, 1925, *supra,* fails to disclose that it was the purpose of the framers of the amendment to destroy the harmony as to pleading in equity and at law such a short time before the passage of the act so painstakingly established by the Supreme Court. It is true that the Act of March 30, 1925, by section 2, P. L. 85, amended, also, the Practice Act, *supra,* section 6, P. L. 484, to read that every allegation of fact in the statement of claim of the plaintiff, or in the set-off, or counter-claim, or *new matter,* of the defendant, if not denied specifically, or by necessary

implication, in the affidavit of defence, or the reply of the plaintiff, as the case may be, or, if no affidavit of defence, or reply of the plaintiff, be filed, shall be taken to be admitted, except as against an infant, a person of unsound mind, or one sued in a representative capacity as provided in section 7 and except as provided in section 13; but the amendatory statute was particular to leave untouched the Practice Act, supra (Plaintiff's Reply, section 15, P. L. 485-6), providing that, when the defendant in his affidavit of defence sets up a set-off, or counter-claim, against the plaintiff, the plaintiff, within fifteen days from the day of service of the affidavit of defence upon him, shall file and answer, under oath, a pleading called "Plaintiff's Reply," which shall be served upon the defendant, or his attorney, at the address for the service of papers indorsed on the affidavit of defence; that, in such cases, the affidavit of defence shall be indorsed: To the within plaintiff—"You are required to file a reply to the within set-off (or counter-claim, as the case may be) within fifteen days from the date hereof;" and that the set-off, or counter-claim, shall be regarded as the statement of claim of the defendant and the reply of the plaintiff as an affidavit of defence to the set-off, or counter-claim. Now, obviously, if the purpose prompting the passage of the Act of March 30, 1925, supra, had been to require the plaintiff to file a reply in every case in which new matter should be pleaded in the affidavit of defence, section 15, supra, would have been amended, likewise, by the insertion of the words "or new matter" after the word "counter-claim." To the contrary, however, the legislature left unchanged the rule of practice that there is no occasion for the plaintiff to file a reply unless the defendant in his affidavit of defence has pleaded a set-off, or counter-claim, against the plaintiff and then only after service upon the plaintiff, or his attorney, at the address for the service of papers appearing on the statement of claim, of the affidavit of defence bearing an indorsement, addressed to the plaintiff, requiring him to file a reply to the set-off, or counter-claim, pleaded in the affidavit of defence.

Furthermore, the Practice Act, supra (Motions for Judgment, section 17, P. L. 486), says, in the third sentence, that, where the defendant sets up a set-off, or counter-claim, he may move for judgment against the plaintiff for want of a reply, or for want of a sufficient reply, to the whole, or any part, of the set-off, or counter-claim, and that the court may enter judgment in favor of the plaintiff, or the defendant, for such amount as shall be found due, with leave to proceed for the balance. Here, again, the intellect readily perceives that, if the legislature had meant the plaintiff was to file a reply whenever new matter should be contained in the affidavit of defence, section 17, supra, would have been amended, too, by the Act of March 30, 1925, supra, so that, if new matter should be set up by the defendant, he could move, as in the case of his pleading set-off, or counter-claim, for judgment in his favor either for want of a reply, or a sufficient one, to any part, or all, of his new matter and so that, in such event, the court would have the power and authority to enter judgment in favor of the plaintiff or defendant in the amount found to be due, with permission to proceed for the remainder. The members of the general assembly failed, however, in this instance, just as they did with respect to section 15, supra, to write into the third sentence of section 17, supra, after the word "counter-claim," the words "or new matter."

Moreover, not only did the Act of March 30, 1925, supra, fail to extend to the inclusion of new matter pleaded the requirement that the defendant pleading set-off, or counter-claim, should specially endorse his affidavit of defence and to give the right to take judgment for want of a reply, or a sufficient one, to new matter but the act failed as well to prescribe any time within which

should be filed the reply of the plaintiff to new matter and to provide any penalty upon the plaintiff as redress for the defendant in the event the plaintiff never should file a reply to the new matter. At once, it is apparent that this last mentioned deficiency in the amending act creates a grotesque situation, for, according to The Practice Act, section 2, *supra*, as amended by the 1st section of the Act of March 30, 1925, *supra*, where new matter is pleaded the case is not at issue until the reply of the plaintiff shall have been filed. But, as the plaintiff has forever in which to file his reply to the new matter and nothing can happen to him for consuming all eternity in the preparation of the reply, the case may not come to issue this side of the end of the world. Surely, the case cannot be tried before all the pleadings are closed and the case is at final issue and, just as surely, in advance of trial the defendant cannot avail himself of any admissions by a failure to reply on the part of the plaintiff. It would seem, therefore, that, from a practical standpoint— and of all things practice should be practical rather than theoretical—the provision of the Practice Act, section 6, *supra*, as amended by the 2nd section of the Act of March 30, 1925, *supra*, that every allegation of fact in the new matter of the defendant, if no reply of the plaintiff be filed, shall be taken to be admitted is well-nigh meaningless.

Because of the foregoing, as well as many other, reasons, it would seem to be the height of judicial folly so to construe the Act of March 30, 1925, *supra*, as to tear down the work so carefully done by the Supreme Court in the direction of conformity in practice at law and in equity and especially so when to hold that where new matter is pleaded in the affidavit of defence there must be a reply filed by the plaintiff would be, in reality, nothing less than a return to mediæval methods of pleading and a reversion to a type of practice the legally aspiring long since were hopeful the reforming spirit of modern centuries at last had rendered archaic and obsolete. Accordingly, being of the opinion that the form, manner and order of conducting and carrying on actions and suits through their various stages in the courts of both law and equity should be, as nearly as possible, identical, we hold that by the introduction into the Practice Act, *supra*, by the Act of March 30, 1925, *supra*, of *new matter*, all the legislature meant was that the defendant, after fully answering the allegations of the statement of claim, might, if he wished, aver such additional facts—provided, of course, they should bear some direct relation to a cause of action contained in the statement—as he should believe would entitle him to affirmative relief against the plaintiff and such additional facts, also, as should tend to render invalid any defence on the part of the plaintiff the defendant anticipated would be made to the affirmative relief sought by him.

In the instant case, in neither form nor substance does the defendant seek through its affidavit of defence any affirmative relief against the plaintiff. The former corporation does not allege that the plaintiff is indebted in any manner whatsoever to the defendant and making no claim against the plaintiff the defendant does not ask by indorsement on the affidavit that the plaintiff reply to a claim not presented. Since, then, the affidavit of defence on neither the inside nor the outside reveals that the defendant is looking for any positive redress, new matter has not been pleaded by the defendant.

And now, this 1st day of February, 1926, upon due and full consideration of the petition of the Fidelity-Phenix Fire Insurance Company of New York, the defendant, to strike from the record the reply of the Oak Lane Country Day School, a corporation, the plaintiff, after listening to the oral arguments made and presented by counsel on behalf of the petitioning defendant and on

Oak Lane Country Day School *v.* Fidelity-Phenix Fire Ins. Co.

the part of the non-responding plaintiff and reading the briefs submitted by counsel for the petitioner and the non-respondent and following long reflection and mature deliberation, the rule on the 8th day of September, 1925, granted upon the plaintiff to show cause, if any it had, why its reply should not be stricken from the record be and is hereby and herein made absolute and the plaintiff's reply filed on the 22nd day of August, 1925, not conforming to the provisions of the Practice Act, 1915 (Act of May 14), P. L. 483-7, be and is hereby and herein stricken from the record.

From Aaron S. Swartz, Jr., Norristown, Pa.